IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERTO FERNANDEZ-RODRIGUEZ, ) | | |
| ID # 29769-177, ) | | |
|     Movant, ) | | |
| vs. ) | No. 3:08-CV-1222-N (BH) | |
| ) | No. 3:03-CR-090-N | |
| UNITED STATES OF AMERICA, ) | | |
|     Respondent. ) | Referred to U.S. Magistrate Judge | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Movant, an inmate currently incarcerated in the federal prison system, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The respondent is the United States of America (the government).

**B. Procedural History**

On May 6, 2003, movant pled guilty to possession with intent to distribute 100 kilograms or more of marihuana. On April 21, 2004, the Court entered judgment upon movant's guilty plea, and sentenced him to ninety-seven months imprisonment. Movant appealed but moved to dismiss his appeal, and the Fifth Circuit granted the motion on January 10, 2005. On May 2, 2005, the Supreme Court of the United States granted movant's petition for a writ of certiorari and vacated and remanded the judgment in light of *United States v. Booker*, 543 U.S. 220 (2005). In August

2005, the Fifth Circuit Court of Appeals affirmed the judgment of the district court. Movant did not file a petition for writ of certiorari. Almost three years later, on July 17, 2008, movant filed this motion.

## II. STATUTE OF LIMITATIONS

Section 2255(f)[1] of Title 28 of the United States Code "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). That paragraph provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Although "[i]n most cases, the operative date from which the limitation period is measured will be the one identified in [(f)](1) . . . later filings are permitted where subparagraphs (2)-(4) apply." *Dodd*, 545 U.S. at 357.

In this case, movant alleges no government-created impediment under (f)(2) that prevented him from filing his motion to vacate, and his claims are not based upon any right newly recognized

---

[1] Based upon amendments to 28 U.S.C. § 2255 that took effect on January 7, 2008, the former ¶ 6 is now codified as subparagraph (f).

2

by the Supreme Court under (f)(3). For purposes of this action, the statute of limitations runs from the date movant's conviction became final pursuant to (f)(1), or from the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims pursuant to (f)(4).

With regard to (f)(1), movant's federal conviction became final ninety days after the Fifth Circuit Court of Appeals affirmed his conviction and movant failed to file a writ of certiorari with the United States Supreme Court. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"); *United States v. Gamble*, 208 F.3d 536, 536 (5th Cir. 2000) (per curiam) (holding "that the conviction becomes final, and the one-year period begins to run, upon expiration of the time for seeking certiorari in the U.S. Supreme Court, even where, as here, the appellant has not actually filed such a petition"). Movant's conviction became final in November 2005. With regard to (f)(4), movant knew or should have known the factual bases for his claims prior to his conviction becoming final.

Because (f)(4) provides an earlier commencement date for movant's claims, the Court finds that the statute of limitations commenced in November 2005. Movant filed the instant action more than two and one half years later on July 17, 2008. The motion is therefore untimely in the absence of equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "[S]uch tolling is available only when the [movant] meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his [motion to vacate] on time." *Henderson*

v. *Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Movant "bears the burden of proof concerning equitable tolling, and must demonstrate 'rare and exceptional circumstances' warranting application of the doctrine." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (footnote omitted).

In this case, movant provides no basis for equitably tolling the limitations period. "[I]gnorance of the law or of statutes of limitations is insufficient to warrant tolling." *See Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). That movant proceeds *pro se* is likewise insufficient to equitably toll the limitations period. *See Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). Neither unfamiliarity with the legal process, whether "due to illiteracy or *any other reason*", nor "lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (emphasis added). In addition, a lack of fluency in the English language is not sufficient to obtain equitable tolling. *See Hurtado v. Cockrell*, No. 3:02-CV-0778-M, 2002 WL 32438776, at *5 (N.D. Tex. 2002) (relying in part on *United States v. Cordova*, 202 F.3d 283, No. 99-1306, 1999 WL 1136759, at *1 (10th Cir. Dec. 13, 1999) (holding that a lack of fluency in English language is not extraordinary circumstance which would warrant equitable tolling) (Table; text on Westlaw)).

Because movant has shown no rare and exceptional circumstances that warrant equitable tolling, the Court should deny the instant motion to vacate as untimely.

### III. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and

4

records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 as barred by the statute of limitations.

**SIGNED this 27th day of October, 2008.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE